### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

EDWAN CORMAN REID                                                                    PETITIONER

v.                                                            CIVIL ACTION NO. 5:19-cv-137-KS-MTP

SHAWN R. GILLIS                                                                    RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Edwan Corman Reid's Petition for Writ

of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions

and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

### BACKGROUND

On September 11, 2008, Petitioner, an alien, was convicted of criminal impersonation.

*See* [5-2] at 1. On May 10, 2011, Petitioner was convicted of the sale of a controlled substance.

*Id.* One year later, Petitioner was again convicted of the sale of a controlled substance. *Id.* On

April 12, 2014, following removal proceedings, an Immigration Judge issued a final order

directing that Petitioner be removed from the United States to Jamaica. *Id.* On July 8, 2019,

Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody. *Id.*

On December 9, 2019, Petitioner filed the instant Petition arguing that his extended

detention in ICE custody is unlawful. Petitioner seeks release from immigration custody. On

January 27, 2020, Respondent filed a Response [5] arguing that the Petition should be denied

because Petitioner has obstructed his deportation by failing to cooperate with officials and, thus,

is not entitled to be released from ICE custody.

## ANALYSIS

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Additionally, "[a]n alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019); *see also Mytyuk v. Young*, 347 Fed. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (holding that deliberately withholding information and obstructing INS tolls the six-month removal period).

Respondent submits a Declaration by an ICE deportation officer, Robert Hallanger, an ICE "Decision to Continue Detention" dated October 2, 2019, and an ICE "Notice of Failure to Comply" dated August 20, 2019. According to Hallanger, Jamaica is a cooperative nation which routinely and timely provides travel documents concerning deportations. *See* [5-1] at 2. Jamaica, however, requires a consulate interview with Petitioner prior to the issuance of a travel document. *Id.*

2

Hallanger states that on July 11, 2019, ICE scheduled Petitioner an interview with the Jamaican Consulate, but Petitioner refused to speak with the Jamaican Consulate. *Id*. at 1.  On August 20, 2019, ICE issued a "Notice of Failure to Comply," explaining to Petitioner that he would not be released from ICE custody because he refused to be interviewed by the Jamaican Consulate on July 11, 2019 and August 1, 2019. *See* [5-3] at 1.

Thereafter, on October 2, 2019, ICE issued a "Decision to Continue Detention," explaining to Petitioner that his detention would continue because, among other things, he refused to be interviewed by the Jamaican Consulate on August 12, 2019. *See* [5-2] at 2. Hallanger states that ICE also issued official warnings to Petitioner concerning his lack of cooperation on August 1, 2019; August 12, 2019; November 8, 2019; and January 4, 2020 and states that Petitioner refused to be interviewed by the Jamaican Consulate as recently as January 14, 2020. *See* [5-1] at 1-2.  Hallanger explains that ICE is in possession of Petitioner's birth certificate and Petitioner's deportation is being hindered by Petitioner himself. *Id*.

In his Petition [1] and Reply [6], Petitioner offers inconsistent statements concerning his citizenship.  Petitioner states that his mother and father came to the United States on January 1, 1976, and he was born thereafter on January 14, 1976. *See* [6] at 1.  Petitioner also states that he is an "**alleged** native and citizen of Jamaica." *See* [1] at 3 (emphasis in original).  Petitioner, however, states that Jamaica is his "native country." *See* [6] at 3.  Regardless, Petitioner states that he wishes to be released from ICE custody and provided a "chance to continue his fight to stay in the United States." *Id*. at 13.  Petitioner asserts that he is innocent of all criminal charges and is appealing his convictions. *Id*. at 2.

Despite Petitioner's stated desire to stay in the United States, he alleges that he "has made exhaustible efforts, as far as his removal to Jamaica." *Id*. at 3.  Petitioner alleges that he has spoken with the Jamaican Consulate on multiple occasions and corresponded with the Jamaican Embassy via letters. *Id*.  Petitioner submits multiple documents along with his Reply [6], but he has not submitted any correspondence with Jamaican officials.  Petitioner offers nothing more than bald assertions to rebut Respondent's evidence demonstrating that Petitioner has failed to cooperate with removal efforts.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Maxie v. Quarterman*, 2008 WL 4056298, at \*14 (S.D. Tex. Aug. 29, 2008) ("Even under the rule of liberal construction, mere conclusory allegations 'are insufficient to raise a constitutional issue.'") (quoting *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993)).

The record demonstrates that Petitioner's own failure to cooperate with removal efforts tolled the running of the removal period and precludes him from asserting a good faith argument that there is no significant likelihood that he will be removed in the reasonably foreseeable future. *See Kourouma v. Warden*, 2019 WL 2895842, at \*2 \*W.D. La. Apr. 29, 2019) (citing *Benn v. Bureau of Immigration and Customs Enforcement*, 82 Fed. App'x 139, 140 (5th Cir. 2003); *Pelich v. INS,* 329 F.3d 1057, 1060 (9th Cir. 2003)); *see also Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003)("We conclude that 8 U.S.C. § 1231(a)(1)(C) . . . authorizes . . . continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents").  As it is Petitioner's own lack of cooperation that has prevented his removal, the Petition should be denied.

4

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of April, 2020.

s/ Michael T. Parker
United States Magistrate Judge